UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

JEFFREY JOHN C.,[1]

        Plaintiff,

    v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:19-cv-01990-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff Jeffrey C. seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(g)(3). For the reasons set forth below, that decision is REVERSED and REMANDED for further proceedings.

Plaintiff protectively filed for SSI on June 29, 2016, alleging disability beginning on May 16, 2016. Tr. 156-61. His application was initially denied on November 22, 2016, and upon reconsideration on January 31, 2017. Tr. 67, 83. Plaintiff requested a hearing before an

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of his last name.

1 – OPINION AND ORDER

Administrative Law Judge ("ALJ"), which took place on November 6, 2018. Tr. 29-52. After receiving testimony from plaintiff, a medical expert, and a vocational expert ("VE"), ALJ Marie Palachuk issued a decision on November 29, 2018, finding plaintiff not disabled within the meaning of the Act. Tr. 12-23. The Appeals Council denied plaintiff's request for review on November 29, 2018. Tr. 1-3. Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since June 28, 2016, the alleged onset date. Tr. 15. At step two, the ALJ determined plaintiff suffered from the following severe impairments: chronic lymphedema of the left lower extremity since age 17; degenerative disc disease of the lumbar spine; morbid obesity; and osteoarthritis of the bilateral knees. Tr. 15. The ALJ recognized other impairments in the record, i.e., high blood pressure, carpal tunnel syndrome, and tendonitis of the right tibia, but concluded these conditions to be nonsevere. *Id.*

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 16. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined he could perform sedentary work as defined in 20 C.F.R. § 416.967(a) with these exceptions: can occasionally balance, stoop, kneel, crouch, crawl; climb ramps and stairs; never climb ladders, ropes, or scaffolds; should avoid no more than moderate exposure to hazards. Tr. 17.

At step four, the ALJ found plaintiff unable to perform past relevant work. Tr. 22.

At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, he could perform jobs that existed in significant numbers in the national economy, including charge account clerk, food and beverage order clerk, and final assembler. Tr. 23. Thus, the ALJ concluded plaintiff was not disabled. *Id.*

**DISCUSSION**

Plaintiff contends the ALJ erred by "failing to acknowledge or discuss Plaintiff's 'borderline age situation.'" Pl. Br. 3.

"A claimant makes a *prima facie* showing of disability where, as here, the claimant has established that he suffers from a severe impairment that prevents him from doing past work." *Lockwood v. Comm'r Soc. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (citing *Tackett*, 180 F.3d at 1100); *see* Tr. 22. Next, at step five of the sequential analysis, the Commissioner bears the burden of showing that, considering the claimant's RFC, age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy. *E.g., Dominguez v. Colvin*, 808 F.3d 403, 405 (9th Cir. 2015) (citing 20 C.F.R. § 416.920(a)(4)(v)). The Commissioner can meet this burden by relying on the testimony of a VE or by referring to the Medical-Vocational Guidelines ("the Grids") at 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Lockwood*, 616 F.3d at 1071.

"The grids are matrices of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Id.* The Grids separate claimants into three age categories: "younger person (under age 50), person closely approaching advanced age (age 50-54), and person of advanced age (age 55 or older)." *Id.* (citing 20 C.F.R. § 404.1563(c)-(e)). The regulations state that the Social Security Administration "will use the age categories" when making a finding about a claimant's ability to work, but clarify:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you

are disabled, we will *consider* whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b) (emphasis added).  Thus, while the ALJ must *consider* whether to use the older age category, "[i]t is clear from the text of this regulation that an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category."  *Lockwood*, 616 F.3d at 1071.

In *Lockwood*, the Ninth Circuit found that the ALJ's decision "satisfied the requirement that she *consider* whether to use the older age category" where "[t]he ALJ mentioned in her decision Lockwood's date of birth and found that Lockwood was 54 years old and, thus, a person closely approaching advanced age on the date of the ALJ's decision."  *Id.* at 1071-72.  This showed that "[c]learly the ALJ was aware that Lockwood was just shy of her 55th birthday, at which point she would become a person of advanced age."  *Id.* at 1072.  "The ALJ also cited to 20 C.F.R. § 404.1563, which prohibited her from applying the age categories mechanically in a borderline situation."  *Id.*  This indicated the ALJ "knew she had the discretion 'to use the older age category after evaluating the overall impact of all the factors of [Lockwood's] case.'"  *Id.* (quoting 20 C.F.R. § 404.1563(b)).  Finally, it was apparent the ALJ did not "'apply the age categories mechanically' because the ALJ 'evaluat[ed] the overall impact of all the factors of [Lockwood's] case' when the ALJ relied on the testimony of a vocational expert before she found Lockwood was not disabled."  *Id.* (quoting 20 C.F.R. § 404.1563(b)).

Here, it is undisputed that on November 29, 2018, the date the ALJ issued her decision, plaintiff was 49 years old and thus in the "younger person category," but that 15 days later, on December 14, 2018, plaintiff turned 50 years old and would have been in the "advanced age category."  *See* Tr. 22 (plaintiff's birthdate), 23 (date of decision); 20 C.F.R. § 404.1563(c)-(d).  It is also undisputed that 15 days is a "borderline" situation.  *See Lockwood*, 616 F.3d at 1070-72

(one month and three days); *Michael P. v. Berryhill*, No. 3:18-CV-00017-HZ, 2019 WL 403861, at *3 (D. Or. Jan. 31, 2019) (six months).

Yet, in her decision, the ALJ noted that plaintiff was "47 years old . . . *on the date the application was filed*." Tr. 22 (emphasis added). "A claimant's age should be considered at the time of the ALJ's decision." *Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2017) (cited pursuant to Ninth Circuit Rule 36-3); *see also Lockwood*, 616 F.3d at 1070-71 (applying the claimant's age on the date the ALJ issued the decision); *Russell v. Bowen*, 856 F.2d 81 (9th Cir. 1988) (using the date of the ALJ's hearing decision to determine whether a borderline situation was presented in a Social Security disability case).

In *Little*, the Ninth Circuit found that "the ALJ erroneously considered Little's age at the time of her application, rather than at the time the ALJ made her decision." 690 F. App'x at 917. The court recognized that "[w]hen a claimant is within 'a few months of reaching an older age category,' the ALJ is required to demonstrate that she considered 'whether to use the older age category,' which can be done by citing the claimant's age at the time the ALJ renders her decision and the applicable regulation." *Id*. (citing *Lockwood*, 616 F.3d at 1071-72; 20 C.F.R. § 404.1563). However, because the ALJ did not consider Little's age at the time of the decision, "[t]he ALJ erroneously failed to show that she considered placing Little in a higher age category." *Id*. The same is true here—by citing to plaintiff's age at the time he filed his application, the ALJ has not demonstrated that she considered whether to use the older age category.[2]

---

[2] Courts have reached the same result where the ALJ referred to the plaintiff's age on the alleged onset date instead of the date of the decision. *See Janice B. R. v. Saul*, No. 2:18-CV-06039-AFM, 2019 WL 4140921, at *3 (C.D. Cal. Aug. 29, 2019) (finding ALJ's decision suggested ALJ did not consider the borderline age situation because, although it included the claimant's date of birth, it improperly referred to the claimant's age on the alleged disability onset date);

6 – OPINION AND ORDER

The Commissioner argues that the ALJ was aware of plaintiff's age at the time of the decision because she "reviewed Plaintiff's prehearing memo stating that he was 'currently 49 years old.'"  Def. Br. 5.  But, obviously, in determining what the ALJ considered, this court must look at the language in the ALJ's decision, not the prehearing briefing submitted by the parties.  Here, "the evidence is ambiguous" and "the Court cannot be sure that the ALJ considered the fact that Plaintiff was approaching advanced age," especially given that two and a half years had passed between the date plaintiff filed his application and the date of the ALJ's decision.  *Craig N. v. Saul*, No. 19-CV-05235-TSH, 2020 WL 4284845, at *24 (N.D. Cal. July 27, 2020) (finding, where ALJ's decision stated the plaintiff's age at the time of the application, "the evidence is ambiguous" and "the Court cannot be sure that the ALJ considered the fact that Plaintiff was approaching advanced age, especially since several years had passed between the date Plaintiff filed his application and the date of the ALJ's decision").

Plaintiff also argues the ALJ's failure to properly consider whether to use the older age category is evidenced by the fact "the ALJ cited to '20 C.F.R. 416.963' immediately following his 'younger individual' age category classification, but never cited or discussed 20 C.F.R. § 416.963(b), which directly addresses borderline age situations."  Pl. Br. 6 (citing Tr. 22).  Both 20 C.F.R. 963(b) and 20 C.F.R. 1563(b) contain the same language requiring the ALJ to "consider whether to use the older age category."  Some courts have found that where the ALJ's decision cites 20 C.F.R. § 404.1563 but not § 404.1563(b), it is unclear whether the ALJ failed to

---

*Hardin v. Colvin*, No. EDCV 15-02596-JEM, 2016 WL 6155906, at *4-6 (C.D. Cal. Oct. 21, 2016) (finding the ALJ failed to consider whether to use the next higher age category when the ALJ relied on the alleged onset date rather than the date of decision); *Durkee v. Astrue*, No. CV 11-6564-PLA, 2012 WL 3150587, at *7 (C.D. Cal. Aug. 2, 2012) ("The ALJ's reference to plaintiff's age on the alleged onset date does not provide the same persuasive value as would a reference to plaintiff's age on the date of the ALJ's decision, because the former predates the latter by more than one year.").

7 – OPINION AND ORDER

consider the claimant's borderline age category. *See Michael P.*, 2019 WL 403861, at *5 ("I agree with the cases cited by Plaintiff indicating that the ALJ's single citation to § 404.1563 does not make clear if he intended to cite this section in regard to the borderline age issue or only for the definition of an individual 'closely approaching advanced age.'"); *Janice B. R.*, 2019 WL 4140921, at *4 (finding citation to 20 C.F.R. § 404 was most likely a reference to the definition of "closely approaching advanced age" found in subsection 404.1563(d) rather than a signal that she had considered the plaintiff's borderline age under subsection 404.1563(b)); *Hardin*, 2016 WL 6155906, at *4 ("The Court believes that the ALJ's reference to § 1563 pertains to Plaintiff's classification as a person closely approaching advanced age in § 1563(d)[,]" and, "[a]t best," the citation is "unclear."); *Parks v. Colvin*, No. CV 15-00623-RAO, 2015 WL 8769981, at *4 (C.D. Cal. Dec. 14, 2015) (same); *Durkee*, 2012 WL 3150587, at *7 (same).

In *Lockwood*, the ALJ did not cite to § 1563(b), but cited to § 1563, which the Ninth Circuit found showed the ALJ "knew she had the discretion 'to use the older age category after evaluating the overall impact of all the factors of [Lockwood's] case.'"[3] 616 F.3d at 1072. Here,

---

[3] The Commissioner cites other cases in which courts found that citing to 20 C.F.R. § 419.963 or 20 C.F.R. § 404.1563, and not specifically to subsection (b) of those regulations, was sufficient to show the ALJ considered the plaintiff's borderline age. Def. Br. 8-9 (citing *Black v. Berryhill*, No. 1:17-cv-01208-SKO, 2018 WL 6184605, at *12 (E.D. Cal. Nov. 27, 2018) (concluding the ALJ considered the borderline situation when the ALJ noted the claimant's birth date and age category, observed the birth date at the hearing, cited 20 C.F.R. § 416.963, and relied on vocational expert testimony); *Flash v. Colvin*, No. 1:14-cv-01885-BAM, 2016 WL 1086886, at *6 (E.D. Cal. Mar. 21, 2016) (finding the ALJ sufficiently considered the claimant's borderline age under *Lockwood* by setting forth claimant's birth date, citing 20 C.F.R. §§ 416.963 and 404.1563, and relying on the testimony of a VE); *Perez v. Astrue*, No. 1:10-cv-01471-SKO, 2012 WL 28639, at *6 (E.D. Cal. Jan. 5, 2012) ("The ALJ properly set forth Plaintiff's birth date in his decision, cited and acknowledged § 404.1563, and relied on the testimony of a VE indicating that the ALJ did not mechanically apply the age categories. This was sufficient consideration of Plaintiff's borderline age pursuant to Section 404.1563 and the Ninth Circuit's holding in *Lockwood*."); *Zamora v. Astrue*, 853 F.Supp.2d 1048, 1058 (D. Or. 2011) ("The decision shows that the ALJ was fully aware of plaintiff's date of birth and age, and the ALJ cited the regulation that required him to apply the age categories in a flexible manner, and used the expertise of a VE

however, the ALJ referenced plaintiff's age at the time of his application and then cited to 20 C.F.R. § 416.963 without further comment.  20 C.F.R. § 416.963 is generally titled "Your age as a vocational factor" and contains several subsections pertaining to age categories and the application of age categories.  From this, it is unclear whether the ALJ specifically considered "whether to use the older age category," as required by subsection 20 C.F.R. § 416.963(b).

The Commissioner contends "the ALJ evaluated the overall impact of Plaintiff's vocational factors in relying on the (unchallenged) testimony from a vocational expert before finding Plaintiff not disabled, thus establishing that she did not apply the age categories mechanically." Def. Br. 5.  But that is just one of the three factors the *Lockwood* court considered in deciding there was evidence the ALJ considered whether to use the older age category in a borderline situation.  This court cannot ignore that "the ALJ erroneously considered [plaintiff's] age at the time of [his] application, rather than at the time the ALJ made her decision." *Little*, 690 F. App'x at 917.

The Commissioner also argues any error is harmless.  Def. Br. 7.  In support, the Commissioner cites *Dattilo v. Berryhill*, 773 F. App'x 878 (9th Cir. 2019).  There, the Ninth Circuit held that the ALJ erred by considering the plaintiff's age at the time of the alleged disability onset rather than at the time of final decision, but found it was harmless "because Dattilo still fell into the 'approaching advanced age' category regardless of the age used, and the ALJ considered using—but chose not to use—the older, 'advanced age' category." *Id.*, 773 F. App'x at 882 (citing *Lockwood*, 616 F.3d at 1069-71).

---

in evaluating the vocational factors relevant to plaintiff's case at step five."); *Sparwasser v. Astrue*, No. CV-10-574-HU, 2011 WL 4435658, at *5 (D. Or. July 26, 2011) (stating the ALJ complied with the Lockwood factors by noting the claimant's date of birth and age category, citing the regulation, and relying on the testimony of a vocational expert).

But, here, unlike *Dattilo*, plaintiff would have been in a different age category if the ALJ had considered his age at the time of the decision, and the ALJ's decision is unclear regarding whether she considered using, but chose not to use, the older, advanced age category. Moreover, the Commissioner does not dispute that, if the ALJ had chosen to apply the approaching advanced age category, when combined with plaintiff's education, work experience, and RFC, it would have directed a finding of disabled under the Grids.[4] *See* Def. Br. 3; *Lounsburry*, 468 F.3d at 1115-16 ("Where application of the grids directs a finding of disability, that finding must be accepted by the Secretary whether the impairment is exertional or results from a combination of exertional and non-exertional limitations.") (citation, internal quotation marks, and alterations omitted). Thus, the error is not harmless.

Plaintiff contends that, after *Lockwood* was decided, the Agency "amended both the Program Operations Manual System (POMS) and Hearings, Appeals and Litigation Law manual (HALLEX)" so that they "now require the ALJ to 'explain in the decision that he or she considered the borderline age situation' and to 'note the specific factor(s) he or she considered.'" Pl. Br. 7 (citing POMS DI 25015.006; HALLEX I-2-2-42). Plaintiff also relies on the following language from Social Security Ruling ("SSR") 13-2p, which was issued on February 20, 2013, after *Lockwood* was decided:

> We require adjudicators at all levels of administrative review to follow agency policy, as set out in the Commissioner's regulations, SSRs, Social Security Acquiescence Rulings (ARs), and other instructions, such as the Program Operations Manual System (POMS), Emergency Messages, and the Hearings, Appeals and Litigation Law manual (HALLEX).

---

[4] The ALJ applied Grid Rule 201.21 under the younger age category of 45-49. Tr. 23; *see* 20 C.F.R. § 404, Subpt. P, App. 2, Table 1, Rule 201.21. Applying the same factors to an individual approaching advanced age requires a finding of disabled under Grid Rule 201.14. *Id.*, Rule 201.14.

SSR 13-2p(15)(a). SSR 13-2p further states: "All adjudicators must follow our instructions." *Id*.

Cases in this district appear to be split on whether an ALJ must provide an explanation for using a plaintiff's chronological age rather than the next higher age category. *Compare Johnny K. v. Berryhill*, No. 6:17-CV-01087-JR, 2019 WL 430889, at *5 (D. Or. Feb. 4, 2019) (concluding "the ALJ erred in failing to explain why he used plaintiff's chronological age rather than the next higher age category"), *Steven B. C. v. Comm'r, Soc. Sec. Admin.*, 452 F. Supp. 3d 957, 963 (D. Or. 2020) (holding the "POMS and HALLEX instruct ALJs to explain why they used a claimant's chronological age in borderline age situations" and that "the ALJ erred in failing to explain why he used Plaintiff's chronological age rather than the next higher age category"), *and Jack E. v. Comm'r of Soc. Sec.*, No. 6:19-CV-872-JR, 2020 WL 6051601, at *2 (D. Or. May 20, 2020), *report and recommendation adopted sub nom. Jack E. v. Saul*, 2020 WL 4001003 (D. Or. July 15, 2020) (same), *with Mark S. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-CV-00629-BR, 2020 WL 1917332, at *5 (D. Or. Apr. 20, 2020) (holding the POMS and the HALLEX "do not carry the force of law and, therefore, the court need not review allegations of non-compliance with it"), *and Jeanne E. v. Saul*, No. 6:18-CV-01722-SB, 2020 WL 602279, at *6 (D. Or. Feb. 7, 2020) ("The Court also disagrees with Plaintiff's assertion that SSR 13-2p applies here or mandates that the ALJ follow HALLEX I-2-2-42, and several other courts have already rejected the same argument.").[5] It is unnecessary to resolve the question of whether

---

[5] Further, in *Mark S.*, the court observed that "'SSR 13-2p . . . is a policy ruling clarifying how the Agency determines whether drug addiction is a contributing factor material to the determination of disability.'" 2020 WL 1917332, at *4 (quoting *Jeanne E.*, 2020 WL 602279, at *5; *see also Hanh L. v. Comm'r, Soc. Sec. Admin.*, No. 3:17-cv-01613-JE, 2019 WL 5858187, at *5 n.3 (D. Or. July 23, 2019) ("SSR 13-2p, which Plaintiff cites in support of the argument that POMS is binding on Agency adjudicators, addresses how adjudicators consider federal district and circuit court decisions where drug addiction and alcoholism problems are present" and is "inapplicable here."). Other cases in this district have interpreted SSR 13-2p similarly. *See Martinez v. Colvin*, No. 6:14-cv-01703-MC, 2016 WL 270911, at *5 (D. Or. Jan. 20, 2016)

the ALJ was required to explain her decision because, as discussed above, there is insufficient evidence that the ALJ even considered whether to use the older age category.

The ALJ's failure to properly consider, pursuant to 20 C.F.R. § 416.963(b), plaintiff's age at the time of the decision constitutes reversible error. As relief, plaintiff requests remand for a rehearing. Accordingly, this case is reversed and remanded for further administrative proceedings consistent with this opinion.

## ORDER

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED February 22, 2021.

        /s/ Youlee Yim You
        Youlee Yim You
        United States Magistrate Judge

---

("SSR 13-2p[ ] addresses how adjudicators consider federal district and circuit court decisions where drug addiction and alcoholism problems are present. Plaintiff made no claims that there were misinterpretations of policies relating to drug addiction and alcoholism in this case. Therefore, SSR 13-2P is inapplicable here and does not change this Court's application of [Ninth Circuit case law], which . . . 'stands for the proposition that [the agency's internal manuals] are not judicially enforceable.'").